### RUFUS DWINEL *versus* DANIEL J. PERLEY.

*At law,* the transfer of a note, secured by mortgage, does not assign the mortgage.

The purchaser of a bankrupt's land, at an authorized sale by the assignee, takes the land freed from any incumbrances thereon, made by the bankrupt, in fraud of creditors.

Thus, if a mortgage of land be made, in fraud of creditors, and the mortgager afterwards become bankrupt, the purchaser of the assignee's rights holds the fee, unincumbered by the mortgage.

THIS was a writ of entry. Demandant claims title under a sale by the assignee of the estate of the defendant, he having been decreed, June 13, 1843, to be a bankrupt, upon his own petition, dated February 25, 1843.

In the schedule A, of his indebtedness, the defendant inserted a note to his father, Daniel Perley, on which was due about seven thousand dollars. In the schedule B, of assets, he mentions the lands now in controversy, as under mortgage to Daniel Perley, to secure payment of the note.

The assignee applied, in due form, to the Bankruptcy Court, setting forth that the bankrupt was seized and possessed of the estate as mentioned in said schedule of assets, and asked and obtained license to sell the same. In his deed, he conveyed to the purchaser *all the right, title, interest, claim and demand,* in the land demanded in this 'suit, *which in his capacity of assignee, he had in and to said land,* the same having been returned in said bankrupt's schedule B, and represented therein to be mortgaged to Daniel Perley, to secure to him the payment of the amount due to him as mentioned in said schedule A. The deed then adds as follows: viz. "but it is not intended to convey said land subject to said mortgage ; but *all the legal and equitable interest in and to said land, which vested in the assignee,* is hereby conveyed, and the said [purchaser] has the same right and power to contest the liability to the amount due upon said mortgage, if any, which I, as assignee, have or had power to do."

Daniel Perley died June 24, 1843. By his will, he be-

queathed to the defendant all notes of hand, which he might hold against him at the time of his decease. The defendant was in possession of the land at the making of the mortgage, and has so continued ever since. This action is brought by the grantee of the purchaser.

At the trial, the jury, among other things, returned that, at the time of the death of Daniel Perley, there was not any such valid subsisting note, as was mentioned in the bankrupt's schedule A, much evidence having been given on both sides, upon the question whether the note and mortgage were, at their inception, fraudulent and void.

A verdict, *pro forma*, was taken for demandant by consent, subject to be altered into a verdict for defendants or otherwise, as the court may adjudge conformable to law.

*Cutting*, for defendant, contended, —

1. That the assignee obtained leave to sell nothing but the equity of redeeming, and therefore his conveyance was void, he having sold another interest. The ownership is yet in the bankrupt, the defendant.

2. Where one buys only an equity of redeeming, he is estopped to deny the validity of the mortgage, and to hold the entire estate. *Russell* v. *Dudley*, 3 Metc. 147. The demandant therefore ought to have been precluded from offering proof, tending to show " that said mortgage and note, at their inception, were fraudulent and void."

It may be argued that *Jewett* v. *Preston*, 27 Maine, 400, is at variance with the case above cited. But there are material differences in the cases. In that case the evidence was admitted *without* objection; otherwise in this. That case related to *personal* property; this to *real*. In that case the "effects" of the bankrupt were ordered to be sold. In this case it was otherwise, as I have already shown. The leave to sell was not general. It referred to the bankrupt's schedule, and the schedule shows it was but an equity, which the assignee was empowered to sell. In the case *Jewett* v. *Preston*, the sale was pursuant to the decree, here not.

3. The bequest by his father cast upon the defendant the

ownership of the land, the demandant being estopped to deny the validity of the mortgage. The gift of the note, secured by the mortgage, transferred the mortgage, especially as the instrument of transfer is a will, which is to have a liberal construction. The legacy did not discharge the mortgage, it not being the interest of the mortgagee or of his legatee to have it so. This, then, is property acquired by the defendant after his bankruptcy. The tenant has become the mortgagee, the plaintiff is mortgager.

And here the question does not arise, whether or not the common assignment of a note *only*, carries along with it the mortgage given to secure its payment, which has been affirmatively settled in New York and New Hampshire; though otherwise in Maine and Massachusetts.

In the construction of wills, the intention of the testator is to govern, and if he bequeaths a note which is secured by a mortgage, his intention must be, that both note and mortgage should go together; and they must go together, otherwise the mortgage, being separated from the note, ceases to operate.

"An absolute deed of land and a bond made at the same time to re-convey upon the payment of a sum of money, constitute a mortgage; and the mortgagee's right, under the same, will pass by a devise of 'all the obligations for money due him.'" *Rice* v. *Rice,* 4 Pick. 349.

In that case, as in the case at bar, the testator was the mortgagee, both testators holding an obligation to pay money. Those obligations were devised. Nothing was mentioned about real estate or a mortgage, but still in the former case the court in Massachusetts held, that the mortgage passed under and by virtue of the devise.

The mortgage and note then being transferred to the tenant, after he was declared a bankrupt, and after he had parted with his equity, he became in fact the motgagee, and by force of the will inherited the rights of the testator.

The legacy could not operate as a discharge of the mortgage, for it was not for the mortgagee's interest for it so to do.

It follows, that before Pierce or his grantees can sustain an action against the tenant, they must discharge the mortgage.

This license was granted upon condition, " that the said assignee first give public notice of said time of sale, by advertising the property to be sold in a newspaper printed in Bangor in said district, fourteen days at least prior to said day of sale."

Consequently the assignee had no authority to sell until after he had complied with this condition.

There is no evidence in the case that he ever complied with the condition, excepting the recital in his deed.

And the law is well settled, that the recital in an officer's deed is not evidence of the facts recited. *Merrill* v. *Getchell*, 17 Maine, 191.

*Rowe* and *Bartlett*, for plaintiff.

The defendant's last point was not presented at the trial. But it is unimportant. The fifteenth section of the bankrupt act makes such recitals full evidence.

By the license to the assignee, he was empowered to sell, not an equity, but the land itself. *Jewett* v. *Preston*, 27 Maine, 400.

He was authorized to sell whatever would pass by deed, under the description used in his petition. The description then of the demanded premises, if it stood alone, would carry the fee. The subsequent recital, that the premises were mortgaged, does not limit or qualify that estate ; or change it to an equity of redemption. We purchased the bankrupt's estate, subject to the contingency of the existence of the mortgage, the truth or falsehood of the recital. If false, it is of no effect. If true, it is merely notice of the existence of a mortgage, which the grantor would be at liberty to contest, and remove, in any legal way. *Greene* v. *Kemp*, 13 Mass. 518; *Bullard* v. *Hinkley*, 6 Maine, 293.

If Dwinel took subject to the mortgage, it was not a mortgage for a specific sum, but for whatever might be due on a certain note. Of course he has the right to show how much, and whether any thing be due on the note ; and the holder of

Dwinel v. Perley.

the mortgage cannot maintain possession against him, without showing that something is due. *Vose* v. *Handy*, before cited.

All the defendant's interest passed to his assignee, by the decree of bankruptcy. Bankrupt Act, 1841, sect. 3.

Defendant acquired no new interest in the premises, by his father's will. A bequest of the notes to a stranger would not have operated as an assignment of the mortgage, (*Galliers* v. *Morse*, 9 B. & C. 267,) for that must be by deed. *Vose* v. *Handy*, 2 Maine, 322; *Prescott* v. *Ellingwood*, 23 Maine, 348.

But here was no bequest; there was merely a forgiving of the debt, (if any,) which operates as an extinguishment of the mortgage. *Hobart* v. *Stone*, 10 Pick. 215; vol. 14 Jurist, 53, *ex parte Priel*.

If there were any question as to the law, the finding of the jury would conclude defendant on the facts. By that finding, it is settled, that, at the time of his father's death, there were " no valid, subsisting notes," such as those, which he has here set up as a foundation of his claim as mortgagee.

He had then no right of possession against his assignee, at the time of the assignee's sale.

By that sale all the assignee's interest passed from him, and subsequently vested in the demandant, by the terms, used in the assignee deed, and the subsequent conveyances.

If the clause in the will be a legacy, and not a forgiving of the debt, the legacy is not perfect without the assent of the executor. The legacy may be wanted to pay debts. The case does not show that it will not; nor does it show that the executor has assented. He has not transferred, or delivered, to defendant, either the notes or the mortgage; but produces them all in court himself. 2 Black. Com. 512, 513; *Hobart* v. *Stone*, before cited.

The case of *Russell* v. *Dudley*, cited for defendant, does not apply. That goes wholly upon the construction of a special statute sale. There the officer undertook to sell only an

equity which did exist. Here the whole interest is in the assignee. His interest is very different from that of a sheriff.

TENNEY, J., orally. — The defendant contends, *that* the assignee's license authorized him to sell only the equity of redeeming ; *that* by the petition and schedules the mortgage is recognized ; so that the demandant took subject to the mortgage. To show that the demandant cannot set aside the mortgage and hold the fee, defendant cited 3 Metc. 147. In that case, the officer's sale recognized the mortgage, and purported to sell only the equity.

In this case, there was no devise of the mortgage to the defendant, and no express reference to this note. It is well settled that a mortgage does not pass by a transfer merely of the notes.

But what did the assignee sell ? In his deed he expressly avows that he does not intend to sell an equity, but all the defendant's interest. This was a sale of all the interest which his creditors had in the land. It protected them against the fraud. But, again, what did the assignee sell ? His license embraced more than the equity. The schedule states the land to be under mortgage. But the assignee does not recognize the mortgage ; he does not ask leave to sell subject to it. Suppose the debt had been paid, would the equity alone have passed, on the ground that the mortgage was still outstanding? There is a wide difference between the case of an assignee, and of an officer selling on an execution. The officer is a mere instrument. The assignee holds the title. In this case a fair construction does not confine the application and license to the equity merely, but extends to all the defendant's rights. *There,* evidence concerning the notes, though objected to, was admissible.

The jury have found there was no valid note. There was then no equity of redeeming. The fee was in the assignee, and the purchasers under him took it.

Defendant further objects to a want of evidence, that, in making the sale, the assignee complied with the statute re-

quirement of notices, and has compared them with the requi-
sites in sales for taxes.   But the cases are unlike.   The tax
collector has no interest in the property; is a mere organ;
whereas the title is wholly vested in the assignee.   The bank-
rupt Act, sect. 15, dispenses with evidence of notice, except in
the recitals of the deed; and though in the first part of the
section there seems some limitation to the effect of the recit-
als, the last part of it declares them sufficient for establishing
the title.                                *Judgment on the verdict.*